IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. KENNETH W. ABBOTT; KENNETH W. ABBOTT, INDIVIDUALLY; AND FOOD & WATER WATCH, INC., | § § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:09-cv-01193 |
| v. | § § § | JURY DEMANDED |
| BP EXPLORATION AND PRODUCTION INC., ET AL., | § § § § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO STRIKE THE REPORT AND TESTIMONY OF PLAINTIFFS' PROPOSED EXPERT MARC STEINBERG

Defendants BP Exploration & Production Inc. (BP Exploration & Production"), BP America Inc., BP p.l.c., and BP Products North America Inc. (collectively "BP") file this Motion to Strike the Report and Testimony of Plaintiff's Proposed Expert, Marc I. Steinberg.

### ISSUE PRESENTED AND STANDARD OF REVIEW

Whether this Court should exclude the alter ego opinions and testimony of Plaintiffs' proposed expert Marc Steinberg from the trial of this case? This Court's decision is reviewed under an abuse of discretion standard. *General Elec. Co. v. Joiner*, 522 U.S. 136, 139 (1997).

### NATURE AND STAGE OF PROCEEDING

This False Claims Act case is presently set for docket call on March 5, 2012. The parties are in the discovery phase of the case, which is set to be completed by December 15, 2011. Dispositive motions are due December 31, 2011. Doc. 144.

90593868

## THE OPINIONS AT ISSUE

On October 14, 2011, Plaintiffs submitted the Expert Report of Marc I. Steinberg (the "Report"), setting forth the "opinions" upon which Mr. Steinberg is to testify at trial. *See* Exhibit A. In the Report, Steinberg offers three legally irrelevant and improper conclusions, which all concern the traditional alter ego factors:

(1) "Under custom and practice, BP Global dominated and controlled BP Exploration and Oil to such a degree that BP Exploration and Oil was serving as a conduit for BP Global's business." Report at 5.[1]

(2) "In my opinion, applying standards of custom and practice, BP Global represented that it was responsible for the activities and operations of the Atlantis field . . ." *Id.* at 14.

(3) "Also, applying standards of custom and practice, ***there is evidence that*** BP Global has failed to adequately capitalize its subsidiary, BP Exploration and Oil, so as to significantly impede that subsidiary from complying with its legal obligations." *Id.* at 14 (emphasis added). But Steinberg "***declined at this time to render an opinion*** as to whether BP Exploration and Oil was inadequately capitalized." *Id.* at 16 (emphasis added).

## SUMMARY OF THE ARGUMENT

Plaintiffs again seek to circumvent the Court's prior orders concerning alter ego by offering an expert to testify on this issue. While Steinberg carefully avoids the magic words "alter ego," he addresses the doctrine's key components, by opining that BP p.l.c. "dominated and controlled" BP Exploration and Oil and commenting on alter ego factors like inadequate capitalization. This Court repeatedly has ruled that "alter ego issues" are not relevant in light of the Joint Stipulation entered into all BP defendants, which would make BP p.l.c. and the other BP defendants liable for any judgment against BP Exploration & Production, the entity that

---

[1] Steinberg uses "BP Global" instead of the proper corporate name, BP p.l.c. *See* Report at 4. Steinberg also uses "BP Exploration and Oil" instead of "BP Products North America Inc." *Id.*

made the alleged false certification to the government. Thus Steinberg's opinions should be excluded because they relate only to an issue that is no longer in dispute.

Steinberg's opinions also should be stricken because they do not satisfy Rule 702's requirement that they "assist the trier of fact." Rather than offer any specialized opinion, Steinberg invades the province of the jury by merely interpreting the evidence which is before the fact finder, explaining, in effect, what result should be reached. In addition, Steinberg's statement that there is "evidence of" inadequate capitalization is too equivocal to constitute proper expert testimony, given his later qualification that he "declined at this time to render an opinion as to whether BP Exploration and Oil was inadequately capitalized." Report at 16. Finally, Steinberg improperly offers opinions on pure conclusions of law, which usurps the role of this Court.

## ARGUMENT AND AUTHORITIES

The Supreme Court has observed that "[e]xpert evidence can be both powerful and quite misleading because of the difficulty of evaluating it." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993). Because of this risk, the judge – in weighing possible prejudice against probative value – exercises more control over experts than over lay witnesses. *Id.* The burden is on the proponent to establish admissibility. *See* FED. R. EVID. 702, 2000 advisory committee's note; *see also Mathis v. Exxon Corp.*, 302 F.3d 448, 460-61 (5th Cir. 2002). For the numerous reasons demonstrated below, Plaintiffs cannot carry their burden and Steinberg's "opinions" should be deemed inadmissible.

I. **Steinberg's Opinions are not Relevant to any Disputed Issue in this Case**

    A. **Steinberg's Opinions Address the Key Elements of Alter Ego**

Although Steinberg carefully avoids the magic words "alter ego," he addresses the doctrine's key components. The alter ego inquiry focuses on whether "a parent company totally

dominates and controls its subsidiary, operating the subsidiary as its business conduit or agent." *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 691 (5th Cir. 1985). One element of this inquiry is whether the subsidiary is adequately capitalized. *Id.* at 692. Mirroring these alter ego standards, the Report states: (1) "BP Global dominated and controlled BP Exploration and Oil to such a degree that BP Exploration and Oil was serving as a conduit for BP Global's business"; (2) "BP Global represented that it was responsible for the activities and operations of the Atlantis field"; and (3) "there is evidence that BP Global has failed to adequately capitalize its subsidiary." Report at 5, 14, 16. In sum, Steinberg is opining directly on alter ego issues.

### B. This Court Repeatedly has Ruled that BP's Joint Stipulation Moots the Issue of Alter Ego

This Court has ruled *three* times that BP's Joint Stipulation moots the issue of alter ego. First, at a July 6 hearing on the scope of alter ego discovery, this Court stated:

> And I believe my view is that the stipulation covers that from the point of view of alter ego, so whether it works up and down or not is not the issue. The question is whether or not you are covered and whether or not any judgment that might find no fault as it relates to one or more of the defendants lets, quote, the defendants out. And the answer, as I understand it, is no; that alter ego holds the parties in.

Doc. 155, Ex. E, 7/6 Hearing Tr. at 55-56; Doc. 177, Doc. 188. A little over one month later, Plaintiffs filed a motion to compel responses to interrogatory questions on alter ego topics. Doc. 155. After extensive briefing, this Court ruled that the interrogatories – which touched on the same type of topics covered by Steinberg – were "mooted by Defendants' Joint Stipulation." Doc. 177 at 2.[2] Nonetheless, within two weeks, Plaintiffs filed a motion to compel a deposition

---

[2] For example, these interrogatories asked BP to identify (1) "all facts, documents, and materials" related to BP's admission or denial as to whether Defendants BP America Inc., BP Exploration & Production Inc., and/or BP Products North America Inc., were and acted as the alter ego of BP p.l.c." and (2) each common business department and/or employees co-employed, shared, co-owned, co-operated, or co-utilized by any of the Defendants, from January 1, 2000 to present." Doc. 111-2.

on alter ego topics. Doc. 180. This Court ruled once again that the "proposed deposition was mooted by Defendants' Joint Stipulation." Doc. 188.

Plaintiffs are consuming the resources of the Court and the parties by raising the issue a *fourth* time—this time under the guise of an expert report. For the same reasons already extensively briefed and repeatedly ruled on by this Court, the issue of alter ego is mooted by Defendants' Joint Stipulation.[3] The Joint Stipulation makes all BP defendants "jointly and severally liable with BP Exploration & Production Inc. and each other for any judgment . . . against BP Exploration & Production Inc. in this matter" and provides that any of them "may be named in the judgment as if directly liable in the same manner and to the same extent as BP Exploration & Production Inc." Doc. 120.

This stipulation will allow Plaintiffs to pursue joint and several liability against any or all of the BP defendants, including BP p.l.c. Released from the burden of establishing their alter ego claims, Plaintiffs have no need to put on expert testimony in furtherance of those claims.

## II. Steinberg's Opinions do not Comply with Rule 702 Because they will not Assist the Trier of Fact

Even if Steinberg's opinions were not mooted by the Joint Stipulation, they do not comply with Rule 702's requirement that expert testimony utilize "scientific, technical, or other specialized knowledge" that "will assist the trier of fact." FED. R. EVID. 702. This requirement is a particularized application of the requirement that all evidence be relevant. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993); *Mathis*, 302 F.3d at 461. If an

---

[3] *See Miller v. Eby Realty Group, LLC*, 396 F.3d 1105, 1116 (10th Cir. 2005) ("Stipulations are generally considered judicial admissions and are routinely accepted as they increase efficiency in the judicial process"); *Compaq Computer Corp. v. Ergonome, Inc.*, 387 F.3d 403, 414 (5th Cir. 2004) (alter ego finding leads to joint and several liability). The stipulation is binding on BP and "has the effect of withdrawing a fact from contention" and "releasing the opponent from proof of fact." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476-77 (5th Cir. 2001).

-6-

expert's opinions will not "assist the trier of fact to understand the evidence or to determine a fact in issue," then they are inadmissible. *Daubert*, 509 U.S. at 591.

### A. Steinberg's Testimony Would Usurp the Province of the Jury by Weighing and Opining on the Evidence

Steinberg's opinions fall far short of the type of specialized testimony contemplated by Federal Rule of Evidence 702. The Report merely interprets evidence that would be before the fact finder, explaining, in effect, what result should be reached. Expert testimony that "undertakes to tell the jury what result to reach . . . does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's." *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994); *see also* FED. R. EVID. 704, Advisory Committee Note (1972) (stating that the rules relating to expert evidence are designed to "afford ample assurances against the admission of opinions which would merely tell the [trier of fact] what result to reach, somewhat in the manner of the oath helpers of an earlier day."); *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997).

In his Report, Steinberg simply references deposition testimony and internal BP documents and emails in support of his conclusion that: "Under custom and practice, BP Global dominated and controlled BP Exploration and Oil." Report at 5-14 at § IV.A. He then references certain BP public communications (through its website, press releases, etc.) and opines that "applying standards of custom and practice, BP Global represented that it was responsible for the activities and operations of the Atlantis field, a majority ownership interest which is held by its subsidiary BP Exploration and Oil." Report at 14. In neither opinion does he explain what "customs and practices" he is referring to.

The jury does not need Steinberg to tell them what this evidence means. His opinions are based on deposition testimony, emails, press releases, and website statements – not contracts or

90583868

documents with specialized or complex terms beyond a jury's expertise. Courts consistently have held that testimony of the sort proffered by Steinberg here is superfluous:

> As Professor McCormick notes, such testimony "amounts to no more than an expression of the [witness's] general belief as to how the case should be decided." *McCormick on Evidence* §12, at 26-27. The admission of such testimony would give the appearance that the court was shifting to witnesses the responsibility to decide the case. *McCormick on Evidence* §12, at 27. It is for the jury to evaluate the facts in the light of the applicable rules of law. . . .

*Marx & Co., Inc. v. Diners' Club Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977).[4] In short, "[t]he Court should not shift to such witnesses the responsibility to give conclusory opinions and characterizations of the business conduct portrayed and to essentially decide the case." *GST Telecomms., Inc. v. Irwin*, 192 F.R.D. 109, 111 (S.D.N.Y. 2000).

### B. Steinberg Failed to Offer any Opinion on whether "BP Exploration and Oil" was Inadequately Capitalized

Steinberg's equivocal statement that "there is evidence" that "BP Exploration and Oil" was inadequately capitalized will not assist the trier of fact, particularly given that he has specifically "declined at this time to render an opinion as to whether BP Exploration and Oil was inadequately capitalized." Report at 14, 16. "[E]quivocal . . . testimony does not assist the trier of fact because it does not qualify as relevant evidence." *Bowers v. Norfolk Southern Corp.*, 537 F. Supp. 2d 1343, 1368 (M.D. Ga. 2007); *see also United States v. Deloitte Consulting LLP*, 512

---

[4] *See also United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) (expert testimony not permitted if it usurps role of jury in applying law to facts before it); *Berry v. City of Detroit*, 25 F.3d 1342, 1350-53 (6th Cir. 1994) (purported expert's testimony that police officer's actions were "not warranted under the circumstances" and "totally improper" merely told jury what result to reach and was, therefore, improperly admitted); *United States v. Farrell*, 563 F.3d 364, 377-78 (8th Cir. 2009) (testimony by expert in human trafficking that government's peonage case was supported by "incredible" and "strong" evidence, and indicating that workers did not control their own money and were forced to pay debt, invaded province of jury, as an express opinion about defendants' guilt and truthfulness of workers); *Nichols v. Am. Nat'l Ins.*, 154 F.3d 875, 883 (8th Cir. 1998) (opinion is "not helpful if it draws inferences or reaches conclusions within the jury's competence or within an exclusive function of the jury").

F.Supp.2d 920, 945-46 (S.D. Tex. 2007) (holding that where an expert stated he could not render an opinion, his report failed to provide any evidence on which a reasonable fact-finder could rely); *Muniz v. Rexnord Corp.*, 2006 WL 5153078, at *2 (N.D. Ill. Nov. 2, 2006) (expert's use of equivocal phrases, such as stating that it "appears" or "suggests" that one company was the alter ego of another, rendered his opinions inadmissible).

Where an expert qualifies his testimony as Steinberg does here, it cannot "'logically advance a material aspect of [Plaintiffs'] case'" because it does not "give the jury a solid basis to reach an opinion." *Bowers*, 537 F. Supp. 2d at 1368-69 (quoting *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999)).

### III. Steinberg's Opinions and Testimony on Questions of Law Constitute an Attempt to Usurp this Court's Role

Finally, Steinberg's alter ego "opinions" do not comply with Rule 702 because they constitute impermissible conclusions of law. The Fifth Circuit has repeatedly held the evidence rules "do[] not allow an expert to render conclusions of law." *Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996). "There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (internal quotation omitted). An expert's "opinion on the legal conclusions to be drawn from the evidence invades the court's province and is irrelevant." *Owen v. Kerr McGee corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Every circuit court is in agreement on this axiomatic principle.[5]

---

[5] *See, e.g., Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100 (1st Cir. 1997); *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977); *United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991); *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 368 (4th Cir. 1986); *Molecular Tech. Corp. v. Valentine*, 925 F.2d 910, 919 (6th Cir. 1991); *United States v. Sinclair*, 74 F.3d 753, 757-58 n.1 (7th Cir. 1996); *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995); *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 447 (9th Cir. 1992); *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988); *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d

Based on this principle, many courts – including the Western District of Texas – have stricken expert testimony that one company is the alter ego of another. *See, e.g., Sheet Metal Workers Int'l Ass'n Local Union No. 67 v. Todd-Ford Mgmt. Co.*, 2005 WL 5977617, at *2 (W.D. Tex. July 12, 2005) (expert "will not be permitted to offer conclusions of law, namely whether the companies are alter egos of each other."); *Ponca Tribe of Indians of Oklahoma v. Continental Carbon Co.*, 2008 WL 7211982, at *2 (W.D. Okla. Nov. 21, 2008) (expert not permitted to "offer his summary and understanding of the relevant legal rules applicable to whether one corporation can be held liable for the actions undertaken by another related corporation."); *Muniz v. Rexnord Corp.*, 2006 WL 5153078, at *2 (N.D. Ill. Nov. 2, 2006) (striking expert's alter ego analysis because, among other reasons, "[e]xpert testimony as to legal conclusions that determine the outcome of the case are inadmissible.").

Plaintiffs cannot avoid this prohibition by having Steinberg avoid using the phrase "alter ego" – which is plainly a legal conclusion – when the import of his testimony is the same. *See United States v. Scop*, 846 F.2d 135, 140-42 (2d Cir. 1988) (holding that an expert offered improper legal conclusions where the expert repeatedly used statutory and judicially defined terms indicating guilt). By opining that BP p.l.c. "dominated and controlled" "BP Exploration and Oil" and testifying on alter ego factors like inadequate capitalization, Steinberg would usurp this Court's role by effectively telling the jury that the two BP entities (one of which no longer exists) are alter egos of each other.

---

1537, 1541 (11th Cir. 1990); *Weston v. Wash. Metro. Area Transit Auth.*, 78 F.3d 682, 684 n.4 (D.C. Cir. 1996), *amended by*, 86 F.3d 216 (D.C. Cir. 1996).

90583868

## IV. Steinberg's Report Improperly Uses MDL 2179 Discovery that was Provided to Him in Violation of this Court's Order

In its Motion to Enforce this Court's Order Concerning Discovery of Documents and Information Produced in MDL No. 2179, BP explained that Plaintiffs submitted Steinberg's report, and another expert report, which rely on confidential MDL deposition testimony that has not been produced in this lawsuit, in violation of this Court's prescribed procedures for obtaining discovery from MDL No. 2179 ("MDL Discovery Order"). Doc.176. BP incorporates by reference that arguments made and relief requested in that motion.

## CONCLUSION

For the foregoing reasons, BP respectfully requests that this Court exclude the expert testimony and opinions of Marc I. Steinberg from the trial of this case.

Dated: November 3, 2011.

Respectfully submitted,

/s/ *Otway B. Denny*
Otway B. Denny
State Bar No. 05755500
Federal I.D. No. 4120
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

ATTORNEY-IN-CHARGE FOR
BP EXPLORATION & PRODUCTION INC.,
BP AMERICA INC., BP P.L.C., AND BP
PRODUCTS NORTH AMERICA INC.

90583868

-10-

Of Counsel:
FULBRIGHT & JAWORSKI L.L.P.

    Daniel M. McClure
    State Bar No. 13427400
    Katherine D. Mackillop
    State Bar No. 10288450
    Anne M. Rodgers
    State Bar No. 17133025
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

    L. Poe Leggette
370 17th Street, Suite 2150
Denver, Colorado 80202-5638
Telephone:  (303) 801-2700
Facsimile:  (303) 801-2777

HAYNES AND BOONE
    Lynne Liberato
    State Bar No. 00000075
    Sarah R. Teachout
    State Bar No. 24008134
    Mark Trachtenberg
    State Bar No. 24008169
    Polly Graham
    State Bar No. 24065318
1 Houston Center
1221 McKinney, Suite 2100
Houston, Texas  77010
Telephone:  (713) 547-2017
Facsimile:  (713) 236-5538

LISKOW & LEWIS
    Jonathan A. Hunter
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139
Telephone:  (504) 556-4131
Facsimile:  (504) 556-4108

## CERTIFICATE OF CONFERENCE

I hereby certify that I, counsel for BP, and Emily Jeffcott, counsel for Plaintiffs, conferred in good faith by telephone on November 3, 2011, but are unable to reach an agreement regarding this motion.

                                                /s/ *Anne M. Rodgers*
                                                Anne M. Rodgers

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on November 3, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all registered counsel of record.

                                                /s/ *Anne M. Rodgers*
                                                Anne M. Rodgers