IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| EX REL. KENNETH W. ABBOTT, | § | |
| KENNETH W. ABBOTT, | § | |
| INDIVIDUALLY; AND | § | |
| FOOD & WATER WATCH, INC., | § | |
| | § | |
| Plaintiffs | § | C.A. No. 4:09-cv-01193 |
| | § | |
| v. | § | |
| | § | JURY DEMANDED |
| BP EXPLORATION AND | § | |
| PRODUCTION INC., ET AL., | § | |
| | § | |
| Defendants | § | |

**DEFENDANTS' REPORT ON STATUS**

LISKOW & LEWIS
   Jonathan A. Hunter
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139

FULBRIGHT & JAWORSKI L.L.P.
   Otway B. Denny
   Daniel M. McClure
   Katherine D. Mackillop
   Anne M. Rodgers
1301 McKinney, Suite 5100
Houston, Texas  77010-3095

HAYNES AND BOONE L.L.P.
   Lynne Liberato
   Mark Trachtenberg
1 Houston Center
1221 McKinney, Suite 2100
Houston, Texas  77010

SQUIRE SANDERS (US) LLP
   Damond R. Mace
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114

ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.,
BP AMERICA INC., BP P.L.C., AND BP PRODUCTS NORTH AMERICA INC.

90961162.1

In accordance with the Court's Order to Report, Doc. 420, defendants BP Exploration and Production Inc., BP America Inc., BP P.L.C., and BP Products North America Inc. ("BP") file this memorandum to briefly summarize the current status of the case.

## I.     Pending BP Motions for Summary Judgment[1]

BP has filed three motions for summary judgment on Abbott's FCA claims, the granting of any one of which disposes of the FCA claims.  BP also has filed two motions for summary judgment on plaintiffs' OCSLA claims.  Granting either of the OCSLA motions would dispose of the OCSLA claims.

### A.     FCA Motion – No Jurisdiction (Doc. 228)

Summary judgment is proper on the FCA claim for want of jurisdiction.  The FCA's "public disclosure bar" establishes that there is no subject matter jurisdiction over an FCA claim that is based on publicly disclosed information.  Abbott's FCA claim is based on publicly disclosed information obtained from the federal government through FOIA requests.  The FOIA responses constitute a public disclosure of the information.  Further, the FOIA responses were the basis of Abbott's FCA claim because Abbott concedes that he did not have personal knowledge of the claimed false permit applications.

There is an exception to the public disclosure bar if the realtor is an "original source" of the information.  Abbott is not an "original source" of the information – he

---

[1] Exhibit A shows *all* pending motions and related filings as of April 3, 2013, with docket numbers for all associated filings.

admitted that he had no direct and independent knowledge of the certifications that are the basis of his FCA claim. He also fails to meet the other original source requirement because he did not provide the information to the federal government before filing suit.

### B. BP's FCA Motion – No Liability (Doc. 235)

Abbott's FCA claim should also be summarily dismissed because he cannot establish an FCA violation. To establish a violation of the FCA, Abbott must prove that: (1) BP made false statements to the federal government; (2) it did so with the requisite scienter; and (3) the statements were material to the government's decision to pay money. Abbott's falsity claims assert that BP made false statements to the federal government on two offshore regulations when it submitted permit applications to DOI. Abbott's claim is based on his mistaken interpretation of the regulations, claiming that one regulation requires each approved design and drawing to bear the physical stamp of a registered professional engineer ("PE") and another regulation concerning as-built drawings requires each drawing to bear the specific words "as built" on its face. DOI, which wrote the relevant regulations and administers and enforces them, concluded that Abbott's interpretations of the regulations are incorrect and that the drawings do not need either an engineer's stamp or the words "as built" written on their face. DOI's interpretation comports with the language of the regulations which do not require stamps or "as-built" statements. At most, the regulations are ambiguous, but ambiguous regulations cannot give rise to FCA claims as a matter of law.

As a matter of fact, BP complied with the two regulations. BP obtained approvals of the relevant designs from PEs or PE equivalents, and BP prepared as-built drawings

for the entire platform. DOI came to the same conclusion following its thorough investigation of Abbott's specific allegations. DOI issued a detailed report concluding that Abbott's "allegations about false submissions by BP to [DOI] are unfounded." Doc. 230, Ex. J-1 at 6.

There is no evidence that BP knowingly submitted a false statement to the government. The evidence establishes that BP's statements were true, and that BP interpreted the DOI regulations reasonably and in good faith. The alleged false certifications were not material to DOI's decision allowing BP to produce oil under the leases. Even if DOI had found a technical issue relating to the specific certifications at issue, the evidence establishes that DOI would have required BP to correct those issues and would not have permanently withheld its approval of production from Atlantis.

## C.    BP's FCA Motion – No Damages (Doc. 236)

Summary judgment is also the proper means to dispose of Abbott's FCA claim because he cannot establish any damages. The correct measure of damages for an FCA claim arising out of a contractual relationship is the government's lost benefit of the bargain. In coming up with his $76 billion-plus damages number, Abbott uses the wrong model, claiming a jury could award damages equal to three times the total value of the oil and gas, including all production to date from Atlantis, plus all future production from the reserves. But the benefit of the bargain is measured by the difference between what the federal government should have received under the contract, and what it actually received. There is no dispute that the United States received exactly what BP agreed to pay under the lease contracts – more than $600 million in bonus, rental and royalty

payments. Thus, under the proper measure of damages, the government has sustained no damages.

### D. BP's OCSLA Motion – No Standing (Doc. 237)

Summary judgment should be granted on plaintiffs' OCSLA claim because plaintiffs lack standing for several independent reasons. First, they have no evidence of any actual injury or any imminent injury. BP has safely produced oil and gas from Atlantis since October 2007, and there is no valid evidence of any likelihood that a future spill will occur. Even if the speculative spill occurs, plaintiffs cannot show that it would cause them any injury.

Plaintiffs also lack standing because they cannot show their speculative injury would be addressed by an injunction. Plaintiffs ask the Court to shut down Atlantis until BP is in compliance with OCSLA and other relevant regulations. This request ignores that DOI has repeatedly determined that BP is already in compliance with OCSLA regulations and its leases.

Finally, FWW has no standing as an entity. It likewise has no standing through its donors that are not "members" for purposes of associational standing.

### E. BP's OCSLA Motion – Claim Fails on the Merits (Doc. 238)

Plaintiffs' OCSLA claim also fails on the merits, which is yet another reason summary judgment should be granted. Like the FCA claim, Plaintiffs' OCSLA claim is premised on their assertion that the allegedly false statements involving the two DOI regulations, Atlantis poses an immediate and substantial risk of harm to the environment and public health. DOI repeatedly has determined that BP is operating Atlantis safely

and in compliance with DOI regulations. Plaintiffs' claim improperly asks the Court to substitute its opinion for the technical determinations by DOI's professional staff. It is black-letter law that courts should defer to an agency's application of its own regulations, especially where the regulations are part of a highly technical regulatory scheme. DOI has investigated and decided not to use its enforcement authority to shut-in Atlantis, and that decision is not subject to judicial review.

## II.     All Other Pending BP Motions

BP filed the following additional motions:

- **A.**  BP's Motions to Strike Plaintiffs' Summary Judgment Evidence (Docs. 265, 284, 376, 382).

- **B.**  BP's Motions to Exclude Expert Testimony: Motion to Exclude Expert Scott Bailey (Doc. 358), Motion to Exclude Expert Michael Sawyer (Doc. 358), Motion to Exclude Expert Glen Stevick (Doc. 363) and Motion to Exclude Expert Richard Pierce (Doc. 364).

- **C.**  BP's Motion to Compel Production of FWW's "First Amendment" Documents (Doc. 360).

- **D.**  BP's Motion to Bifurcate Trial of Jury and Non-Jury Claims (Doc. 315).[2]

## III.    Discovery

All discovery is completed.

## IV.    If Necessary, Additional Pre-Trial Work Remaining

If the Court does not dispose of the entire case in ruling on BP's pending motions for summary judgment, then additional work will be required to prepare the case for trial, including filing *Daubert* motions and a Joint Pretrial Order. BP estimates that it needs

---

[2] Abbott has also filed a motion for summary judgment, which is listed on Exhibit A.

approximately three to four months for final trial preparations after the Court's summary judgment rulings, if the Court determines that a trial on any part of the case is necessary.

Dated:  April 3, 2013.

>Respectfully submitted,
>
>        /s/ Otway B. Denny
> Otway B. Denny
> State Bar No. 05755500
> Federal I.D. No. 4120
> 1301 McKinney, Suite 5100
> Houston, Texas  77010-3095
> Telephone:  (713) 651-5151
> Facsimile:  (713) 651-5246
>
> ATTORNEY-IN-CHARGE FOR
> BP EXPLORATION & PRODUCTION
> INC., BP AMERICA INC., BP P.L.C.,
> AND BP PRODUCTS NORTH AMERICA
> INC.

Of Counsel:

| FULBRIGHT & JAWORSKI L.L.P. | HAYNES AND BOONE L.L.P. |
|---|---|
|     Daniel M. McClure |     Lynne Liberato |
|     State Bar No. 13427400 |     State Bar No. 00000075 |
|     Katherine D. Mackillop |     Mark Trachtenberg |
|     State Bar No. 10288450 |     State Bar No. 24008169 |
|     Anne M. Rodgers |     One Houston Center |
|     State Bar No. 17133025 | 1221 McKinney, Suite 2100 |
| 1301 McKinney, Suite 5100 | Houston, Texas  77010 |
| Houston, Texas  77010-3095 | Telephone:    (713) 547-2017 |
| Telephone:    (713) 651-5151 | Facsimile:    (713) 236-5538 |
| Facsimile:    (713) 651-5246 | |
| | |
| LISKOW & LEWIS | SQUIRE SANDERS (US) LLP |
|     Jonathan A. Hunter |     Damond R. Mace |
| 701 Poydras Street, Suite 5000 | 4900 Key Tower |
| New Orleans, Louisiana  70139 | 127 Public Square |
| Telephone:    (504) 556-4131 | Cleveland, Ohio  44114 |
| Facsimile:    (504) 556-4108 | Telephone:    (216) 479-8500 |

## CERTIFICATE OF FILING AND SERVICE

I certify that on April 3, 2013, a true and correct copy of the foregoing document was filed with the Clerk of Court using the ECF System for filing and was served via electronic means through transmission facilities from the Court upon all registered counsel of record authorized to participate and access the ECF for the Southern District of Texas.

*/s/ Anne M. Rodgers*
Anne M. Rodgers